








```
ANDY    8/20/03   7:55
3:03-CV-01451   NOLASCO V. EXXON MOBIL CORP
*3*
*ANS.*
```

```
 1  Richard M. Valdez, Bar No. 156957
    SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP
 2  402 West Broadway, Suite 1700
    San Diego, CA 92101-3542
 3  Telephone (619) 235-5655
    Facsimile  (619) 235-5648
 4
    Craig J. Whitney, Bar No. 085725
 5  800 Bell Street, 1583E
    Houston, TX  77002
 6  Telephone  (713) 656-9258
    Facsimile  (713) 656-9177
 7
 8  Attorneys for Defendant EXXONMOBIL OIL CORPORATION also being sued as
       EXXON MOBIL CORP.
 9
```

FILED
03 AUG 19 AM 10:50
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY A. Scott DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALOMON NOLASCO,<br><br>　　　　　Plaintiff,<br>v.<br><br>EXXON MOBIL CORP/EXXON MOBIL OIL CORP, SUNNY SINGH, APRO, LLC AND DOES 1-10, Inclusive,<br><br>　　　　　Defendants. | Case No. 03-CV-1451W(JMA)<br><br>**ANSWER OF DEFENDANT EXXONMOBIL OIL CORPORATION [ALSO BEING SUED AS EXXON MOBIL CORP.] TO COMPLAINT**<br><br>**DEMAND FOR JURY** |

　　　　Defendant ExxonMobil Oil Corporation, also being sued as Exxon Mobil Corp. ("this answering defendant"), answers and responds to the complaint of Plaintiff Salomon Nolasco ("plaintiff") as follows:

### ANSWER TO JURISDICTION AND VENUE ALLEGATIONS

　　　　1.　　This answering defendant admits that jurisdiction is proper in this Court. This answering defendant further admits that venue is proper in this Court. This answering defendant further admits that, presently, this Court has jurisdiction over the state claims asserted herein.

## ANSWER TO "PARTIES" ALLEGATION

2. Except to admit that this answering defendant is a duly organized corporation, duly authorized to exist and operate within the State of California, this answering defendant denies each and every allegation contained in paragraph 2 of the complaint.

3. This answering defendant lacks knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations contained in paragraph 3 of the complaint, and on that basis, denies each and every allegation therein.

4. This answering defendant is informed and believes that Apro, LLC is the owner and landlord of the subject property.

5. This answering defendant denies each and every allegation contained in paragraph 5 of the complaint as those allegations relate or refer to this answering defendant.

6. This answering defendant alleges that "Doe" pleading is improper in federal court and, therefore, paragraph 6 should be stricken as it refers to "Does 1 through 10." This answering defendant denies each and every allegation contained in paragraph 6 of the complaint.

## ANSWER TO GENERAL ALLEGATIONS

7. This answering defendant lacks knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations contained in paragraph 7 of the complaint, and on that basis, denies each and every allegation therein.

8. This answering defendant lacks knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation contained in paragraph 8 of the complaint, that plaintiff attempted to use the subject facility on June 27, 2003, and on that basis, denies such allegation. This answering defendant denies each and every remaining allegation contained in paragraph 8 of the complaint.

9. This answering defendant denies each and every allegation contained in paragraph 9 of the complaint, including all of its subsections.

10. This answering defendant denies each and every allegation contained in paragraph 10 of the complaint.

11. This answering defendant denies each and every allegation contained in paragraph 11 of the complaint.

12. This answering defendant denies each and every allegation contained in paragraph 12 of the complaint.

13. This answering defendant denies each and every allegation contained in paragraph 13 of the complaint.

### ANSWER TO FIRST CAUSE OF ACTION

14. This answering defendant re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-13, inclusive, as though set forth fully herein.

### ANSWER TO CLAIM 1

15. Except to admit that the subject facility is a place of public accommodation, this answering defendant denies each and every allegation contained in paragraph 15 of the complaint as those allegations relate to this answering defendant.

16. This answering defendant lacks knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations contained in paragraph 16 of the complaint, and on that basis, denies such allegations.

### ANSWER TO CLAIM 2

17. This answering defendant denies each and every allegation contained in paragraph 17 of the complaint.

### ANSWER TO CLAIM 3

18. This answering defendant denies each and every allegation contained in paragraph 18 of the complaint.

19. This answering defendant denies each and every allegation contained in paragraph 19 of the complaint. This answering defendant denies that plaintiff is entitled to the relief sought in paragraph 19 of the complaint.

20. This answering defendant denies that plaintiff is entitled to the relief sought in paragraph 20 of the complaint.

21. This answering defendant denies that plaintiff is entitled to the relief sought in paragraph 21 of the complaint.

## ANSWER TO SECOND CAUSE OF ACTION

22. This answering defendant re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-21, inclusive, as though set forth fully herein.

23. This answering defendant lacks knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation contained in paragraph 23 of the complaint, that plaintiff is a person with a disability, and on that basis, denies such allegation. This answering defendant affirmatively avers that, the remaining allegations contained in paragraph 23 of the complaint do not purport to charge this answering defendant and, consequently, no answer to that paragraph is required.

24. This answering defendant denies each and every allegation contained in paragraph 24 of the complaint. This answering defendant denies that plaintiff is entitled to the relief sought in paragraph 24 of the complaint.

25. This answering defendant denies each and every allegation contained in paragraph 25 of the complaint. This answering defendant denies that plaintiff is entitled to the relief sought in paragraph 25 of the complaint.

26. This answering defendant denies each and every allegation contained in paragraph 26 of the complaint. This answering defendant denies that plaintiff is entitled to the relief sought in paragraph 26 of the complaint.

27. This answering defendant denies each and every allegation contained in paragraph 27 of the complaint. This answering defendant denies that plaintiff is entitled to the relief sought in paragraph 27 of the complaint.

## ANSWER TO THIRD CAUSE OF ACTION

28. This answering defendant re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-27, inclusive, as though set forth fully herein.

29. This answering defendant denies each and every allegation contained in paragraph 29 of the complaint.

30. This answering defendant denies each and every allegation contained in paragraph 30 of the complaint.

31. This answering defendant denies each and every allegation contained in paragraph 31 of the complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

32. This answering defendant re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-31, inclusive, as though set forth fully herein.

33. This answering defendant affirmatively avers that paragraph 33 of the complaint does not purport to charge this answering defendant and, consequently, no answer to that paragraph is required.

34. This answering defendant denies each and every allegation contained in paragraph 34 of the complaint.

35. This answering defendant denies each and every allegation contained in paragraph 35 of the complaint. This answering defendant further denies that plaintiff is entitled to the relief sought in paragraph 35 of the complaint.

36. This answering defendant denies each and every allegation contained in paragraph 36 of the complaint.

37. This answering defendant denies each and every allegation contained in paragraph 37 of the complaint. This answering defendant denies that plaintiff is entitled to the relief sought in paragraph 37 of the complaint.

38. This answering defendant denies each and every allegation contained in paragraph 38 of the complaint. This answering defendant denies that plaintiff is entitled to the relief sought in paragraph 38 of the complaint.

39. This answering defendant denies that plaintiff is entitled to the relief sought in paragraph 39 of the complaint.

## ANSWER TO FIFTH CAUSE OF ACTION

40. This answering defendant re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-39, inclusive, as though set forth fully herein.

41. This answering defendant affirmatively avers that paragraph 41 of the complaint does not purport to charge this answering defendant and, consequently, no answer to that paragraph is required.

42. This answering defendant denies each and every allegation contained in paragraph 42 of the complaint.

43. This answering defendant denies each and every allegation contained in paragraph 43 of the complaint.

44. This answering defendant lacks knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation contained in paragraph 44 of the complaint, that plaintiff is a person as identified within Business and Professions Code § 17200, and on that basis, denies such allegation. This answering defendant further denies that this case is brought on behalf of "the general public" or that plaintiff has standing to sue in any representative capacity for "the general public," and as such, the portions of paragraph 44 referring to "the general public" should be stricken. This answering defendant denies each and every remaining allegation contained in paragraph 44 of the complaint.

45. This answering defendant denies that this case is brought on behalf of "the general public" or that plaintiff has standing to sue in any representative capacity for "the general public," and as such, the portions of paragraph 45 referring to "the general public" should be stricken. This answering defendant further denies plaintiff is entitled to the relief sought in paragraph 45 of the complaint.

**ANSWER TO SIXTH CAUSE OF ACTION**

46. This answering defendant re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-45, inclusive, as though set forth fully herein.

47. This answering defendant denies each and every allegation contained in paragraph 47 of the complaint.

48. This answering defendant denies each and every allegation contained in paragraph 48 of the complaint.

49. This answering defendant denies each and every allegation contained in paragraph 49 of the complaint. This answering defendant denies that plaintiff is entitled to the relief sought in paragraph 49 of the complaint.

### ANSWER TO SEVENTH CAUSE OF ACTION

50. This answering defendant re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-49, inclusive, as though set forth fully herein.

51. This answering defendant denies each and every allegation contained in paragraph 51 of the complaint.

52. This answering defendant denies each and every allegation contained in paragraph 52 of the complaint. This answering defendant denies that plaintiff is entitled to the relief sought in paragraph 52 of the complaint.

53. This answering defendant denies plaintiff is entitled to the relief sought in paragraph 53 of the complaint.

### JURY DEMAND

54. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, this answering defendant hereby requests a jury trial in the above-captioned action on all claims for which a jury is permitted.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As the first, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that the complaint, and each allegation contained therein, fails to state facts sufficient to constitute a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

As the second, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that the complaint, and each cause of action contained therein, is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

As the third, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that the complaint, and each cause of action contained therein, is barred

by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

As the fourth, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that plaintiff's damages, if any, were proximately and/or legally caused by the acts and omissions of persons and entities other than this answering defendant and, therefore, the damages, if any, recoverable by plaintiff cannot be recovered against this answering defendant.

### FIFTH AFFIRMATIVE DEFENSE

As the fifth, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that plaintiff failed to exercise reasonable care and diligence to mitigate his alleged damages, if any, and, therefore, any recovery, if any, should be reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE

As the sixth, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that plaintiff has not suffered any damages as a result of any actions taken by this answering defendant or his agents, and plaintiff is, therefore, barred from asserting any causes of action against this answering defendant.

### SEVENTH AFFIRMATIVE DEFENSE

As the seventh, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that plaintiff's claims are barred because this answering defendant performed all duties required of it by law.

### EIGHTH AFFIRMATIVE DEFENSE

As the eighth, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that plaintiff's claims are barred because removal of any alleged access barrier is not readily achievable and no alternative method of access could be provided without fundamentally altering the nature of the goods, services and facilities being provided.

### NINTH AFFIRMATIVE DEFENSE

As the ninth, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that some or all of plaintiff's claims for relief are moot and this Court, therefore, lacks jurisdiction.

### TENTH AFFIRMATIVE DEFENSE

As the tenth, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that plaintiff lacks standing to maintain this action under the ADA or the California Persons with Disabilities Act.

### ELEVENTH AFFIRMATIVE DEFENSE

As the eleventh, separate and affirmative defense, this answering defendant is informed and believes and thereon alleges that plaintiff lacks standing to maintain any cause of action on behalf of the general public or any class of "similarly situated persons."

### TWELFTH AFFIRMATIVE DEFENSE

This answering defendant is an improper party defendant to the above-captioned action as it is neither an owner, operator, lessor, or lessee of the subject place of public accommodation.

### THIRTEENTH AFFIRMATIVE DEFENSE

This answering defendant reserves the right to raise additional affirmative defenses at trial, upon discovery of the same through the discovery process.

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiff take nothing by way of his complaint;
2. That judgment be entered in favor of this answering defendant;
3. For attorneys' fees;
4. For costs of suit incurred herein; and
5. For such other and further relief as the court deems just and proper.

Dated: August 19, 2003

SANDLER, LASRY, LAUBE, BYER
& VALDEZ LLP

By: *[signature]*
Richard M. Valdez
Attorneys for Defendant
EXXONMOBIL OIL CORPORATION
[also being sued as EXXON MOBIL CORP.]

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>Nolasco v. Mobil Oil Corporation, et al. | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>Richard M. Valdez, Bar No. 156957<br>**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**<br>402 West Broadway, Suite 1700<br>San Diego, CA 92101-3542<br><br>ATTORNEY FOR (NAME): Defendant | TELEPHONE NO.:<br>Tel: (619) 235-5655<br>Fax: (619) 235-5648 | |
| ATTORNEYS FOR:<br>ExxonMobil Corporation also being sued as Mobil Oil Corporation and ExxonMobil Oil Corporation | HEARING DATE – TIME | CASE NUMBER:<br>03-CV-1451W (JMA) |

## PROOF OF SERVICE

I am a resident of the state of California over the age of eighteen years, and not a party to the within action. My business address is SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP, 402 West Broadway, Suite 1700, San Diego, CA 92101-3542. On August 19, 2003, I served the within documents:

1. ANSWER OF DEFENDANT EXXONMOBIL OIL CORPORATION [ALSO BEING SUED AS EXXON MOBIL CORP.] TO COMPLAINT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the addresses(es) set forth below.

Roy L. Landers, Esq.                                    Attorneys for Plaintiff
Law Offices of Roy L. Landers
7840 Mission Center Court, Suite 101
San Diego, CA 92108
Telephone: (619) 296-7898
Fax: (619) 296-5611

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

Executed on August 19, 2003, at San Diego, California.

☐ (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose directions the service was made.

*Brenda J. Kearney*
Brenda J. Kearney

::odma\pcdocs\docs\99471\1

PROOF OF SERVICE